UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| N.V.E., INC. | : | |
| | : | Civil Action No. 06-6291 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK ENGLERT and THOMAS N. | : | |
| ENGLERT d/b/a MRFINEST.COM, | : | **REPORT AND RECOMMENDATION** |
| | : | |
| Defendants. | : | |
| _____ | : | |

**SALAS, United States Magistrate Judge,**

## I.  INTRODUCTION

Before this Court is Defendant Thomas Englert's renewed motion to dismiss for lack of specific personal jurisdiction and venue.  (Docket Entry #21).  Pursuant to Local Civil Rule 72.1, the Honorable Peter G. Sheridan, United States District Judge, referred this motion to the undersigned for report and recommendation.  For the reasons set forth below, this Court recommends **GRANTING** Thomas Englert's motion.

## II.  BACKGROUND

### A.      The Complaint

On December 29, 2006, Plaintiff N.V.E., Inc. ("Plaintiff"), a New Jersey corporation, instituted the present action against Defendants Patrick Englert and Thomas Englert, residents of the state of Missouri.  Plaintiff is in the business of manufacturing and selling nutritional and dietary supplements.  (Compl. ¶ 5.)  At the heart of this litigation is its trademarked "Stacker 2"

product.  (*Id*. at ¶ 3.)  Plaintiff alleges that Defendants Thomas Englert and Patrick Englert

collectively own and operate www.mrfinest.com ("Mrfinest.com"), an internet business that

unlawfully markets and sells "Stacker 2" to the general public.  (*Id*. at ¶¶ 14-16.)  Specifically,

Plaintiff's complaint asserts trademark infringement, counterfeiting, false advertising, false

designation of origin, unfair competition and dilution.  (*Id*. at ¶ 1.)

      **B.**      **Thomas Englert's First Motion To Dismiss**

In response to Plaintiff's allegations, Thomas Englert moved to dismiss the complaint for

lack of specific personal jurisdiction and improper venue.[1]  (Docket Entry # 5.)  Thomas Englert

submitted copies of the Annual Registration Report filed with the Missouri Secretary of State

that identified his son, Defendant Patrick Englert, as the sole owner and operator of Mr. Finest

Supplements, Inc.[2]  (Docket Entry # 10 (Reply Br. In Support of First Mot. To Dismiss), Cert. of

Defense Counsel, Ex. A).  Additionally, Thomas Englert denied owning or operating an Internet

business, and refuted holding any contacts with the forum state of New Jersey.  (Docket Entry #5

(First Motion to Dismiss), Aff. of Thomas Englert ¶¶  5, 7-28.)

To support its allegations, Plaintiff conducted a "reverse search" that identified Patrick

Englert as the owner of the telephone number listed on Mrfinest.com.  (Docket Entry # 13

---

[1] As with the first motion to dismiss, Plaintiff does not argue the merits of asserting general jurisdiction in this case.  Thus, the Court limits its analysis to one of specific jurisdiction.

[2] Mr. Finest Supplements, Inc. operates through the websites www.mrfinest.com, and www.mrfinestsupplements.com.  When the complaint was filed, Plaintiff only knew of Defendant Thomas Englert's alleged association with www.mrfinest.com.  It was not until Defendant Thomas Englert filed the first motion to dismiss that Mr. Finest Supplements, Inc. was revealed as the official business name.  Additionally, Plaintiff's subsequent subpoena to GoDaddy.com unearthed the alternative domain name, www.mrfinestsupplements.com. This Court therefore addresses personal jurisdiction with respect to both the www.mrfinest.com and www.mrfinestsupplements.com websites.

("Report and Recommendation") at 3.)  Furthermore, Plaintiff determined that Patrick Englert

and Thomas Englert share the Missouri residence associated with Mrfinest.com's facsimile

number.  (*Id*.)  Thus, Plaintiff cited a common address, facsimile number, and telephone number

as Thomas Englert's ownership interest in Mrfinest.com.  (*Id*.)

On August 14, 2007, the undersigned issued a Report and Recommendation regarding

Thomas Englert's first motion to dismiss, concluding that Plaintiff had demonstrated neither

Thomas Englert's role in Mrfinest.com nor his minimum contacts with the state of New Jersey.

This Court noted, however, that the telephone and facsimile number listed at Thomas Englert and

Patrick Englert's shared residence did suggest a "possibility - albeit a remote one - that Thomas

Englert is affiliated with Mrfinest.com in some way."  (*Id.* at 8.)  Accordingly, lack of specific

jurisdiction was held to be premature and Plaintiff received authorization to conduct limited

jurisdictional discovery.  (*Id*.)  On September 5, 2007, the Honorable Peter G. Sheridan, United

States District Judge, adopted in full the August 14, 2007 Report and Recommendation.

C.     **GoDaddy & Ian Lackey Subpoena**

Following Judge Sheridan's adoption of the Report and Recommendation, this Court

allowed Plaintiff to serve a *subpoena duces tecum* upon GoDaddy.com ("GoDaddy"),

Mrfinest.com's internet registrar.  In response to the subpoena, GoDaddy provided thirty pages of

business records, labeled GDS 00001 through 00030.  Of importance are the following: (1) on

October 21, 2006, the "administrative contact" information for www.mrfinestsupplements.com

("Mrfinestsupplements.com") was updated, removing Thomas Englert; (2) on October 26, 2005,

GoDaddy sent an email to tomengler@aol.com; and (3) GDS 00026-00030 are documents listing

Patrick Englert and Ian T. Lackey ("Lackey"), Mrfinest.com's web-designer, as the two

individuals financially responsible for both Mrfinest.com and Mrfinestsupplements.com.

The Court also granted Plaintiff permission to subpoena the business records of Ian Lackey.  These records contained, among other materials, a contract between Lackey and Mr. Finest Supplements, Inc. and email correspondence between Patrick Englert and Lackey.

### D.      Thomas Englert's Renewed Motion To Dismiss

On March 31, 2008, Defendant Thomas Englert filed the renewed motion to dismiss for lack of specific personal jurisdiction and improper venue that is presently before the Court. (Docket Entry #21.)  Addressing the results of the GoDaddy subpoena, Thomas Englert first contends that the authorization to act as an administrative contact is distinct from *acting* in that capacity.  (Second Mot. To Dismiss at 3.)  Thomas Englert states there is no evidence he accepted any responsibility, was compensated, or took any action "with respect to the registration, renewal, and operation of Mrfinest.com."  (Reply Br. at 5.)  Moreover, even if Thomas Englert *did* act as an administrative contact, all of the responsibilities Plaintiff sets forth do not involve the forum state, but instead involve Arizona, GoDaddy's principle place of business.  (*Id*. at 12-13.)  Additionally, Thomas Englert argues that GoDaddy's email to tomengler@aol.com is the unilateral action of GoDaddy.  (*Id*. at 10.)  Without evidence that Thomas Englert received the email, acted upon the message, or even owned the specified email account, Thomas Englert insists there is insufficient proof to support his ownership or responsibility of Mr. Finest Supplements, Inc.  (*Id*.)

In response, Plaintiff resurrects its initial argument that Mrfinest.com's facsimile number is associated with Thomas Englert and Patrick Englert's shared residence.  (Opp. Br. at 2.) Plaintiff then focuses on the role of an administrative contact, claiming that Thomas Englert's

status as an administrative contact for Mrfinestsupplements.com is a significant indication of his

involvement with the internet business.  (*Id*.)  According to Plaintiff, an administrative contact

receives all notices associated with the domain name and is authorized to interact with the

registrar (GoDaddy) to make domain-related requests and management decisions.  (*Id*. at 6.)

Finally, Plaintiff advances Thomas Englert's involvement with Mr. Finest Supplements, Inc. by

citing to the email sent from GoDaddy to tomengler@aol.com on 10/26/2006.  (*Id*. at 4, 6.)


## III.  DISCUSSION

Under the Federal Rules of Civil Procedure, personal jurisdiction over non-resident

defendants may only be exercised to the extent that it is authorized by the laws of the state in

which the federal court sits.  *O'Connor v. Sandy lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir.

2007); Fed. R. Civ. P. 4(k).  Here, New Jersey's long-arm statute permits service on a non-

resident defendant to the extent that it is permitted by the Constitution.  N.J. Ct. R. 4:4-4; *see*

*also Carteret Sav Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d. Cir. 1992).  Accordingly, a court

may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain

minimum contacts with [New Jersey] such that maintenance of the suit does not offend

traditional notions of fair play and substantial justice."  *O'Connor,* 496 F.3d at 316 (*quoting Int'l*

*Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

The Third Circuit's decision in *O'Connor* addresses the minimum contacts necessary for

the forum state to exercise specific personal jurisdiction.  *O'Connor* outlines a three-part test: (1)

whether a defendant purposefully directed his activities to the forum; (2) whether the litigation

arises out of or relates to at least one of those activities; and (3) whether exercise of jurisdiction

otherwise comports with notions of fair play and substantial justice. *Id.* at 317.  Plaintiff has "the

burden to prove, by a preponderance of evidence, facts sufficient to establish personal

jurisdiction." *Carteret Sav. Bank*, 954 F.2d at 146.

> **1.      Purposeful Availment**

The first prong of the *O'Connor* test requires some act by which the defendant

" 'purposefully avail[ed] itself of the privilege of conducting activities within the forum.' "

*O'Connor*, 496 F.3d at 317 (*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1985)).  Physical

entrance is not required.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985); *Grand*

*Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir. 1993) ("Mail and

telephone communications sent by the defendant into the forum may count toward the minimum

contacts that support jurisdiction.").  But what is necessary is a deliberate targeting of the forum.

Such targeting may be accomplished by a single act if the act creates substantial connection with

the forum.  *Burger King Corp.*, 417 U.S. at 476 n.18.

Plaintiff fails to offer sufficient evidence to support its claim that an administrative

contact translates into purposeful availment of the forum state.  Here, an administrative contact

receives email notices from GoDaddy and must verify requests by logging onto GoDaddy's

website.  (Reply Br. at 12).  This sequence does not establish Thomas Englert's purposeful

availment of the forum state for two distinct reasons.  First, GoDaddy's principal place of

business is Arizona.  Neither receiving an e-mail nor logging into GoDaddy's website concerns

the state of New Jersey.  Second, and more importantly, for an administrative contact to approve

a domain transfer request, the individual must have knowledge of the user-ID and password

necessary to access the GoDaddy webpage, or "must forward the Transaction and Security code

to someone who does." (*Id.*)  Ian Lackey, the owner of Digital Snap and the content provider for

Mrfinest.com has stated that GoDaddy "is all registered to [Patrick Englert] and under his

username and password." (Second Mot. To Dismiss, David Ward Cert., Exh. D).  And Thomas

Englert affirms that he was never aware that he had been designated as an administrative contact,

that he never agreed to be so designated, that he never corresponded with GoDaddy.com, and that

he never logged into GoDaddy.com website.  (Reply Br., David Ward Cert., Exh. A ("Englert

Dec.") ¶¶ 7-11.)  As a result, the listing of Thomas Englert as an administrative contact, *without*

showing that Thomas Englert was aware of the GoDaddy user-ID and password and that he acted

upon such knowledge, does not translate into purposeful availment of New Jersey sufficient for

this court to exercise specific personal jurisdiction.

Plaintiff's next argument rests upon a single email sent by GoDaddy to

tomengler@aol.com on October 26, 2005.  (Opp. Br. at 4; Guarino Cert., Exh. B.)  Again,

Plaintiff fails to support its conclusory allegations with evidence that this correspondence

demonstrates Thomas Englert's involvement with Mr. Finest Supplements, Inc.  The unilateral

activity by someone other than the non-resident defendant "cannot satisfy the requirement of

contact with the forum state." *Hanson*, 357 U.S. at 254.  No proof has been presented that

Thomas Englert received or responded to this email.  (Second Mot. To Dismiss at 8-9.)  More

importantly, Plaintiff has failed to demonstrate that Thomas Englert controlled

tomengler@aol.com, a question that is particularly acute in light of the fact that the email was

sent six days after Thomas Englert was *removed* as the administrative contact for

Mrfinestsupplements.com.  Furthermore, even if Thomas Englert *did* own tomengler@aol.com

and had responded to the 10/26/2006 e-mail, this single act is more akin to the " 'fortuitous,'

'random', and 'attenuated contact that the Supreme Court has held insufficient to warrant the exercise of jurisdiction" rather than an act indicating clear purposeful availment. *Toys "R" Us, Inc. V. Step Two, S.A.,* 318, F.3d 446, 455 (3d Cir. 2003); *see also Machulsky v . Hall*, 210 F.Supp.2d. 531, 542 (D.N.J. 2002) (minimal email correspondence, "by itself or even in conjunction with a single purchase, does not constitute sufficient minimum contacts."). Therefore, Plaintiffs reliance upon a single October 26, 2006 email fails to surmount the hurdle associated with finding Thomas Englert's purposeful availment of the state of New Jersey. Like the administrative contact argument, the alleged email represents a unilateral act on behalf of GoDaddy.com with no responsive action by Mr. Englert.

Finally, Plaintiff has not presented evidence that Thomas Englert was involved in *any* business transactions for Mr. Finest Supplements, Inc. Bates-stamped documents GDS00026 through GDS00030 of the GoDaddy subpoena, in fact, list Patrick Englert and Ian Lackey as the only individuals financially responsible for both Mrfinest.com and Mrfinestsupplements.com. (Reply Br. at 11). In fact, besides Patrick Englert, Ian Lackey was the only other individual responsible for the day-to-day business operations of Mr. Finest Supplements, Inc., as evidenced by the extensive email conversations between these two individuals. (Reply Br., Thomas Ward Decl., Exh. B). Perhaps most tellingly, the over-one hundred pages of Ian Lackey's business records neglect to ever mention the name Thomas Englert. (Second Mot. To Dismiss at 3).

As a result, Plaintiff has not met its burden of demonstrating that Thomas Englert purposefully availed himself of the state of New Jersey. Without evidence of even a *single* act that connects Thomas Englert with the forum, this court cannot exercise specific personal jurisdiction over him.

## 2.    Relatedness

Under the second portion of the *O'Connor* test, Plaintiff's complaint must "arise out of or relate to" Thomas Englert's conduct with MrFinestSupplements, Inc.  *O'Connor,* 496 F.3d at 318 (*citing Helicopteros Nacionales de Colombia, S.A v. Hall*, 466 U.S. 408, 414 (1984)). Plaintiff's complaint alleges "trademark infringement, counterfeiting, false advertising, false designation of origin, unfair competition, and dilution" of its Stacker 2 trademark.  (Compl. ¶ 1.) Even if Plaintiff is successful in establishing the facsimile number, listing as administrative contact, or email sent from GoDaddy as a minimum contact for personal jurisdiction purposes, the record is unclear as to whether any of Plaintiff's allegations arise out of or relate to these isolated activities.  However, because Plaintiff has failed to demonstrate a *single* action taken by Thomas Englert under the administrative contact position, or in any other capacity with respect to the subject matter of this litigation, the Court need not issue a definitive finding as to this prong of the *O'Connor* test.  Rather, the Court simply notes that Plaintiff has not definitively linked its allegations to Thomas Englert's supposed contacts with the state of New Jersey.

## 3.    Fairness

Under the final prong of the *O'Connor* test, this court must consider whether exercising personal jurisdiction comports with "traditional notions of fair play and substantial justice." *O'Connor,* 496 F.3d at 324 (*citing Int'l Shoe*, 326 U.S. at 316).  Specifically, the defendant "must present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Id.* (*citing Burger King*, 471 U.S. at 477).  Because Plaintiff lacks evidence to support the first two factors of the *O'Connor* test, an analysis of this third factor is unwarranted.

### IV.  CONCLUSION

For the reasons set forth below, the undersigned recommends that the Court **GRANT**

Defendant Thomas Englert's renewed motion to dismiss for lack of specific personal jurisdiction.

Given the recommendation as to personal jurisdiction, the Court declines to address the issue of

venue.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report

and Recommendation to file and serve any objections.


s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**